AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
*September 22, 2025*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 4:25-MJ-00562 |
| JUAN CARMEN PADRON MENDEZ, and | ) | |
| JUAN CARLOS PADRON BARRON | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 22, 2025 in the county of Harris in the Southern District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count One: 18 U.S.C. §§ 111(a)(1) & (b) and 2. | Count One: Assaulting, resisting, or impeding a federal officer, in violation of 18 U.S.C. §§ 111(a)(1) & (b) and 2. |
| Count Two: 18 U.S.C. § 751(a). | Count Two: Escape from custody of an officer of the United States, in violation of 18 U.S.C. § 751(a). |

See Attachment A, incorporated herein by reference.

This criminal complaint is based on these facts:

See attached affidavit of probable cause.

☑ Continued on the attached sheet.

*Complainant's signature*

FBI SA Nicholas C. Regini
*Printed name and title*

Sworn to by telephone.

Date: September 22, 2025

*Judge's signature*

City and state:   Houston, Texas   Hon. Richard W. Bennett, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**JUAN CARMEN PADRON MENDEZ,**<br><br>and<br><br>**JUAN CARLOS PADRON BARRON**,<br><br>Defendants. | Case No. 4:25-MJ-00562 |

### Affidavit in Support of a Criminal Complaint

I, Nicholas C. Regini, being duly sworn, state under oath that:

### Introduction and Agent Background

1.  I am an investigative or law enforcement officer within the meaning of Section 2510 (7) of Title 18, United States Code, that is an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses against the United States.

2.  My name is Nicholas C. Regini ("Affiant"), and I have been employed as a Special Agent of the FBI since August 2016. I am assigned to the Houston Division, Violent Crime Task Force and investigate violations of federal statutes within the jurisdiction of the FBI and have received specialized training in assaults on federal officers provided by the FBI. Through training, education, and experience, I have become familiar with the manner in which violent crimes are committed and the efforts of persons involved in such activity to avoid detection by law enforcement.

1

**Purpose of Affidavit**

3. The facts in this affidavit come from my personal observations, training, and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is made for the limited purpose of supporting a criminal complaint and arrest warrant and only intended to show that there is sufficient probable cause for the crime charged and does not set forth all my knowledge about this matter.

4. Based on the facts as set forth in this affidavit, there is probable cause to believe that on or about September 22, 2025, **JUAN CARMEN PADRON MENDEZ** and **JUAN CARLOS PADRON BARRON**, committed the offenses of assaulting, resisting, or impeding a federal officer, in violation of Title 18, United States Code, Sections 111(a)(1) & (b) and 2; and escape from custody of an officer of the United States, in violation of Title 18, United States Code, Section 751(a).

**Facts Supporting Probable Cause**

5. On September 22, 2025, in Conroe, Texas, FBI Special Agent Justin Allbritton and I interviewed Victim—a United States Border Patrol Agent with the Department of Homeland Security and employee of the United States. Victim and other Border Patrol Agents were in Houston, Texas, conducting surveillance of individuals known to Border Patrol to be illegal immigrants based on immigration status. During the surveillance, Border Patrol Agents saw an individual walk outside from the apartment building and at the same time, a Chevrolet Silverado pickup truck parked in front of the individual. While identifying themselves as Border Patrol Agents, they approached the individual and the individual driving the truck.

6. The agents asked them for identification, to which the driver of the pickup truck provided a Mexican identification and confirmed his name was **JUAN CARMEN PADRON**

MENDEZ. The other individual confirmed that his name was **JUAN CARLOS PADRON BARRON**. Additionally, the agents conducted a search of the names within an Immigration and Customs Enforcement ("ICE") database, which identified **JUAN CARMEN PADRON MENDEZ** and **JUAN CARLOS PADRON BARRON** as both illegally in United States. The agents arrested and handcuffed both behind their backs with flexicuffs and were placed in the backseat of Victim's vehicle. **JUAN CARLOS PADRON BARRON** was place behind the driver seat and **JUAN CARMEN PADRON MENDEZ** was placed behind in the rear passenger seat for transportation to the Montgomery County Processing Center located in Conroe, Texas.

7.      During the transport, Victim was stopped at a stop sign located near Interstate Highway 45 feeder road and North Loop 336, when she heard an unbuckling sound in the back seat. Victim turned to look into the backseat and **JUAN CARMEN PADRON MENDEZ** instantly wrapped his arm around Victim's neck and began to pull Victim towards the backseat while choking her. Victim started losing oxygen and could not breathe while fearing for her life. **JUAN CARLOS PADRON BARRON** exited the vehicle and was able to retrieve both his and **JUAN CARMEN PADRON MENDEZ's** cellular phones from the front passenger seat and fled from the scene. Thereafter, **JUAN CARMEN PARDON MENDEZ** stopped choking Victim, exited the vehicle, and fled the scene. Victim was able to start breathing and called 911.

8. Based on the foregoing facts, I believe that probable cause exists for the issuance of a complaint and arrest warrants for **JUAN CARMEN PADRON MENDEZ** and **JUAN CARLOS PADRON BARRON**, for assaulting, resisting, or impeding a federal officer, in violation of Title 18, United States Code, Sections 111(a)(1) & (b) and 2; and escape from custody of an officer of the United States, in violation of Title 18, United States Code, Section 751(a).

Nicholas C. Regini
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me telephonically this <u>22nd</u> day of September 2025, and I find probable cause.

HONORABLE RICHARD W. BENNETT
United States Magistrate Judge
Southern District of Texas

# ATTACHMENT A

### COUNT ONE
*Assaulting, Resisting, or Impeding a Federal Officer*

On September 22, 2025, in the Southern District of Texas, the defendants, **JUAN CARMEN PADRON MENDEZ** and **JUAN CARLOS PADRON BARRON**, each aiding and abetting the other, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. § 1114, to wit: Victim, a United States Border Patrol Agent, while that person was engaged in and on account of the performance of official duties, and caused physical contact, inflicted bodily injury, and did so with the intent to commit another felony, in violation of Title 18, United States Code, Sections 111(a)(1) & (b) and 2.

### COUNT TWO
*Escape from Custody of an Officer of the United States*

On September 22, 2025, in the Southern District of Texas, the defendants, **JUAN CARMEN PARDON MENDEZ** and **JUAN CARLOS PADRON BARRON**, did knowingly escape and attempt to escape from the custody of an officer of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), an officer and employee of the United States, such custody being pursuant to lawful arrest, in violation of Title 18, United States Code, Section 751(a).